UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REALEA ALLEN                                                                                    PLAINTIFF

VERSUS                                                                 CIVIL ACTION NO. 3:15CV21-RHW

CAROLYN W. COLVIN,
Commissioner, United States Social
Security Administration                                                                         DEFENDANT

## MEMORANDUM OPINION & ORDER

Plaintiff Realea Allen applied for disability insurance benefits and supplemental security income under the Social Security Act. She alleged disability from diabetes; high blood pressure; numbness in her legs, feet and hands; sleep problems; and acid reflux; with an onset date of September 9, 2011. Doc. [9] at 19, 85-92, 111. The Commissioner denied Allen's application at the administrative level. Allen requested and was granted a hearing before an administrative law judge (ALJ). *Id.* at 32-59. Following the hearing, the ALJ issued a decision finding that Allen had severe impairments of a history of diabetes mellitus, a history of hypertension, degenerative joint desease affecting the knees, lumbar disc disease, a history of asthma, and obesity. *Id.* at 21. Nevertheless, the ALJ concluded that Allen retained the residual functional capacity to perform light work with certain exceptions. *Id.* at 22-25. The ALJ further concluded that Allen was capable of performing her past relevant work as a poultry line worker and fast food worker. *Id.* at 25-26. In the alternative, the ALJ relied on testimony from a vocational expert to conclude that Allen was capable of performing other work that exists in significant numbers in the national economy. *Id.* at 26. Based on these findings, the ALJ found that Allen was not disabled. The Appeals Council denied Allen's request for review. *Id.* At 5-7.

Allen appealed the Commissioner's decision and filed the instant lawsuit. Doc. [1].

Pending before the Court is Allen's motion for summary judgment in which she argues that the ALJ failed to properly evaluate her credibility pursuant to Social Security Ruling 96-7p and 20 C.F.R. § 404.1529. Doc. [10]. The Commissioner has filed a motion to affirm. Doc. [14].

## Law and Analysis

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues *de novo*, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id*.

The only issue presented by Allen is that the ALJ failed to properly evaluate her credibility. Specifically, Allen argues that the ALJ erred by not evaluating Allen's credibility under the seven factors outlined in SSR 96-7p. These factors include: (1) daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side-effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5)

treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

The Court finds that substantial evidence supports the ALJ's finding regarding Allen's credibility and that the ALJ properly evaluated her credibility.  The ALJ considered Allen's testimony regarding the nature of her symptoms, but the ALJ found that the objective medical evidence did not support her allegations of debilitating symptoms and limitations.  In fact the ALJ found Allen's credibility to be "poor".  Doc. [9] at 22.  The ALJ then went into considerable detail explaining why the objective medical evidence did not establish conditions that could reasonably be expected to produce the pain, symptoms, and limitations to which Allen testified at her hearing.  *Id.* at 22-25.  Allen does not appear to dispute the absence of objective medical evidence to support credibility.  Doc. [11] at 13 & Doc. [16] at 1.  Rather, she argues that the ALJ should have considered other factors that might account for her alleged symptoms and limitations.

The absence of objective medical evidence is precisely the type of information that the Fifth Circuit has held supports an ALJ's credibility determinations.  While the ALJ must consider a claimant's subjective complaints, he is allowed to examine the objective medical evidence to test claimant's credibility.  *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985).  Subjective evidence of pain will not take precedence over conflicting medical evidence.  *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989).  A claimant's subjective complaints may be discounted by an ALJ if they are inconsistent with other evidence in the record.  *Dunbar v. Barnhart*, 330 F.3d

670, 672 (5th Cir. 2003). Moreover, judgment as to the credibility of testimony is the sole province of the ALJ. *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). The Fifth Circuit has held that the ALJ's credibility determination is entitled to considerable deference. *See Falco v. Sullivan*, 27 F.3d 160, 164 (5th Cir. 1994).

Beyond the medical evidence, the ALJ considered evidence that fits the categories listed in SSR 96-7p. *See* Doc. [9] at 22-25. The ALJ noted Allen's testimony that she could not perform routine household maintenance chores and could not lift a gallon of milk. The ALJ noted that Allen testified that she suffered from chronic pain affecting her legs, back, knees, hands, and feet. The ALJ noted Allen's testimony regarding exertional limitations. The ALJ noted Allen's testimony regarding alleged side effects from medication. The ALJ noted Allen's history of carpal tunnel surgery. The ALJ noted that Allen testified that when she is in pain, she lies down and props pillows under her feet. The ALJ noted that Allen denied any problems with fatigue. Considering all of the medical evidence and Allen's testimony, the ALJ then exercised his considerable deference and found Allen's credibility to be poor. Given the ALJ's detailed consideration of Allen's credibility, and in particular the lack of accord in the medical records, the Court finds that the decision of the Commissioner should be affirmed.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [10] Motion for Summary Judgment is DENIED and that the Commissioner's [14] Motion to Affirm is GRANTED.

SO ORDERED, this the 3rd day of March, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE